## Blackburn v. Williamson & Pond Creek Railway Company.

(Decided April 23, 1918.)

### Appeal from Pike Circuit Court.

1. Carriers—Passengers—Action for Assault—Evidence—Admissibility.—In a passenger's action against a carrier for an assault by its brakeman, evidence of plaintiff's physical condition was inadmissible, there being no claim that plaintiff was struck or injured by the brakeman.

2. Carriers—Passengers—Action for Assault—Evidence—Admissibility.—In a passenger's action for assault by a brakeman, evidence that certain women left the stopping place because of the language employed by the brakeman was properly excluded, though evidence that the assault took place in the presence of the women was admissible.

3. Carriers—Passengers—Action for Assault by Brakeman—Leaving Train and Carrier's Premises at Intervening Stopping Place—Assault by Brakeman—Liability of Carrier.—Where, according to custom, a passenger left the train at an intervening stopping place to await the train's return from a nearby station, and then repaired to a bakery located several yards from the stopping place and off the carrier's right of way, the relation of carrier and passenger was suspended, and the carrier was not liable for an assault by its brakeman occurring in the bakery.

4. Carriers—Passengers—Action for Assault by Brakeman—Instructions.—In a passenger's action for an assault by a brakeman, it was error to instruct the jury to find for the defendant if they believed from the evidence that the insulting language used by the brakeman was the result of mutual altercation between the

plaintiff and the brakeman, willingly engaged in by both of them, since there was no evidence on which to base the instruction.

CLINE & STEELE and BALLARD BLACKBURN for appellant.

J. R. JOHNSON, JR., and HOLT, DUNCAN & HOLT for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Alleging that while a passenger on one of defendant's trains, he was assaulted, cursed and abused by defendant's brakeman, plaintiff, Ballard Blackburn, brought this suit against the Williamson & Pond Creek Railway Company to recover damages. A trial before a jury resulted in a verdict and judgment for defendant, and plaintiff appeals.

Defendant's railway runs from McVeigh, Kentucky, to Williamson, West Virginia. Plaintiff boarded one of defendant's trains at Stone, Kentucky, and paid his fare to Williamson, West Virginia. Toler is a stop between said points at the mouth of Blackberry Creek. When the train on which plaintiff was a passenger reached Toler, it backed up Blackberry Branch to Hardy, which is about one mile and a half from Toler. It is customary for passengers to get off at Toler and await the return of the train. This plaintiff did on the occasion in question. Thereupon he and the brakeman both repaired to a bakery located several yards from the stopping place and off the defendant's right of way. While there the brakeman was engaged in doing some writing for the proprietor of the bakery, while plaintiff was engaged in conversation with a client, respecting a claim against the company. Plaintiff remarked upon the carelessness of the railroad in killing persons and stock. While this remark was not addressed to the brakeman, he seems to have heard it, and thereupon commenced to curse and abuse plaintiff, and also threatened to strike him with a bottle. According to plaintiff's evidence, he then left the bakery and the brakeman followed him and continued to curse and abuse him while he was *en route* to the stopping place for the purpose of continuing his journey on the return of the train from Hardy. According to the defendant's evidence, the brakeman did not curse or abuse plaintiff after they left the bakery.

(1)   It not being shown that the brakeman struck plaintiff, evidence of plaintiff's physical condition was not material and was properly excluded.

(2)   The court did not err in excluding evidence that certain women left the stopping place because of the language employed by the brakeman.   It was proper of course, to show that the cursing and abuse took place in the presence of the women, but not for the witness to give his opinion as to why they left.

(3)   It was not error to instruct the jury that defendant was not liable in damages for the cursing and abuse which occurred in the bakery.   When plaintiff reached the bakery, which was not on defendant's right-of-way or under its control, the relation of carrier and passenger was suspended, and he was not, therefore, entitled to the protection of a passenger. Dodge v. Boston & Bangor Steamship Co., 148 Mass. 207, 19 N. E. 373, 12 A. S. R. 541, 2 L. R. A. 83; 4 R. C. L., section 494, p. 1040.

(4)   Complaint is made of instruction No. 2, which is as follows:

"If you should believe from the evidence that the brakeman Allan used insulting language to the plaintiff, but yet should you believe that it was the result of mutual altercation between the plaintiff and the brakeman willingly engaged in by each of them, in this event the brakeman was not acting within his authority for the railroad company and outside of it and the law is for the defendant and the jury will so find."

Whether such an instruction should ever be given in a case like this we deem it unnecessary to decide.   It is sufficient for the purposes of this case to say that the instruction was not authorized by the evidence.   As before stated, plaintiff's remark in regard to the carelessness of the railroad was not addressed to the brakeman. It does not appear that plaintiff willingly engaged in the altercation.   On the contrary the evidence shows that plaintiff merely protested against the language used by the brakeman and told the brakeman that he didn't want any trouble, and that the brakeman should not treat him that way.   In view of the fact that the jury may have concluded that the conversation which occurred in the bakery between plaintiff and the brakeman, was an altercation within the meaning of the instruction, and that the company was not liable even if the brakeman subsequently continued his abuse while plaintiff was approach-

ing the train for the purpose of continuing his journey, there can be no doubt that the giving of the instruction was prejudicial error.

Judgment reversed and cause remanded for a new trial consistent with this opinion.